IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:21-MC-00003-M

| | |
|---|---|
| DANIEL J. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| J. ERIC BOYETTE, Transportation ) | |
| Secretary, ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| DARLENE SPIVEY, Mayor of Trenton, ) | |
| TOWN OF TRENTON, ) | |
| ) | |
| Defendants. ) | |

These matters come before the court on the Plaintiff's motion to file a new action and motion for leave to proceed *in forma pauperis* ("IFP"). DE 1, 3. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), recommending that the court deny Plaintiff's motions and close this case. DE 4. Specifically, with respect to the motion for leave to proceed IFP, Judge Jones determined that Plaintiff "has failed to demonstrate he is one of the 'truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them'" and, regarding the motion to file a new action, the magistrate judge found that Plaintiff's "proposed complaint seeks to relitigate the issue of the Town of Trenton's alleged discriminatory denial of infrastructure in minority communities that were raised in prior cases, and the court has previously denied, pursuant to the prefiling injunction, Plaintiff's motions to reassert this type of claim." *Id.* at 2, 5. Judge Jones advised

Plaintiff—a frequent and informed litigant in this District—that he must file any objections to the M&R on or before April 28, 2022. *Id.* at 5.

To date, no "objections" have been filed; however, Plaintiff filed an "Affidavit in Good Faith" on April 22, 2022, and an "Affidavit in Good Faith – Part II" on April 26, 2022. DE 5, 6. Nothing in these documents mentions or describes an objection to Judge Jones' M&R. Rather, Plaintiff expresses what appear to be the same, similar, or additional arguments in support of the claims he raises in the proposed Complaint. *Compare id. with* Compl., DE 1-1. In fact, in the first document, Plaintiff states that he is "signing this affidavit as proof of intent and motive" with respect to his constitutional claims. Aff. ¶ 21, DE 5.[1] Plaintiff mentions Judge Jones and his recommendation only in asserting that the judge was "[led] ... to conclude that the court should deny plaintiff's motion" by "all the cases in which *it* was entered" (the court liberally construes the word "it" in an otherwise vague and rambling sentence as referring to a pre-filing injunction issued by Judge Howard in April 2002). *Id.* ¶ 16. However, Plaintiff does not object to any of Judge Jones' findings or conclusions.

Typically, a magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). "The district court is only required to review de novo those portions of the report to which specific objections have been made, *see* 28 U.S.C.A. §

---

[1] Although it has no impact on this court's evaluation or decision, the court notes that neither document filed by the Plaintiff following the M&R is an actual sworn "affidavit."

2

636(b)(1), and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 F. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon careful review of the M&R and the entire record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's motion to file a new action [DE 1] and motion for leave to proceed *in forma pauperis* [DE 3] are DENIED. The Clerk of Court is directed to close this case.

SO ORDERED this 6th day of May, 2022.

*/s/ Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE